**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 21-00219-01

VERSUS                            JUDGE S. MAURICE HICKS, JR.

RONALD CARNELL HOLLAND, JR.       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 64) filed by Defendant, Ronald Carnell Holland, Jr. ("Holland"). Holland later filed a supplement to his Motion. See Record Document 70. The United States filed a response in opposition. See Record Document 71. For the reasons stated below, the Motion (Record Document 64) is **DENIED**.

**FACTUAL BACKGROUND**

On March 7, 2022, pursuant to a written plea agreement, Holland pleaded guilty to possession of flualprazolam with intent to distribute and possession of firearms in furtherance of a drug trafficking crime. See Record Document 40. According to the factual basis, law enforcement officers executing a search warrant at Holland's residence recovered approximately 2,000 flualprazolam pills, multiple loaded firearms, ammunition, and firearm accessories. See Record Document 40-2. On July 20, 2022, the Court sentenced Holland to 27 months of imprisonment as to Count Two and 84 months as to Count Three, to run consecutively, for a total sentence of 111 months. See Record Document 56. Holland did not file an appeal.

Holland filed the instant Motion on April 2, 2024. See Record Document 64. In his Motion, Holland argues that he is actually innocent of the § 924(c) offense because the

firearms were not possessed "in furtherance" of drug trafficking. See id. at 13. He further argues in his supplement that counsel was ineffective for failing to file a motion to suppress challenging the validity of the search warrant. See Record Document 70.

**LAW AND ANALYSIS**

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 is subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes final when the time for filing a direct appeal expires. See Clay v. United States, 537 U.S. 522, 527 (2003). When a defendant does not file a notice of appeal, finality attaches upon the expiration of the fourteen-day period for filing a direct appeal under Federal Rule of Appellate Procedure 4(b). See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

Here, judgment was entered on August 4, 2022. See Record Document 56. Because Holland did not appeal, his conviction became final on August 18, 2022. Accordingly, any § 2255 motion was required to be filed no later than August 18, 2023. Holland did not file the instant Motion until April 2, 2024. See Record Document 64. Thus, the Motion is untimely.

The statute provides alternative dates for the limitations period, including the removal of a governmental impediment, the recognition of a newly established right made retroactively applicable by the Supreme Court, or the discovery of new facts through due diligence. See 28 U.S.C. § 2255(f)(2)–(4). Here, the record does not reflect any facts that would trigger the application of these alternative provisions.

Holland asserts actual innocence, but the record plainly refutes that contention. The factual basis signed by Holland reflects that law enforcement recovered approximately 2,000 flualprazolam pills, scales, baggies, cash, and multiple loaded firearms from his residence. See Record Document 40-2. Holland also admitted under oath that he was guilty of the charged offenses. See Record Document 38.

Even if Holland's motion were timely, his claims fail on the merits. To establish a violation of 18 U.S.C. § 924(c), the Government must show that the firearms furthered, advanced, or helped forward the drug trafficking offense. In this case, law enforcement recovered multiple illegally possessed, loaded firearms that were readily accessible within the residence, along with substantial quantities of drugs, cash, scales, and other drug-trafficking paraphernalia. See Record Document 40-2. Under these circumstances, it is clear that the firearms were possessed to protect Holland's drugs and money. Accordingly, the guns were possessed in furtherance of a drug trafficking offense. See United States v. Ceballos-Torres, 218 F.3d 409, 414–15 (5th Cir. 2000).

Holland likewise fails to establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the Court must first determine "whether counsel's representation fell below an objective standard of reasonableness. Then [the Court must] ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (internal citations and quotations omitted). The second prong focuses on whether counsel's deficient performance prejudiced the defense. See Strickland, 466 U.S. at 667.

Holland argues counsel should have filed a motion to suppress because the search warrant allegedly omitted the homeowner's name. However, Holland has not produced the search warrant, and the warrant itself is not contained in the record. Thus, Holland has failed to establish the existence of any constitutional defect in the warrant or demonstrate that a motion to suppress would have been viable. Even assuming the warrant did not identify the homeowner by name, such an omission would not automatically render the warrant invalid. Moreover, decisions concerning whether to file pretrial motions are generally considered matters of trial strategy entitled to substantial deference. See Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984). Therefore, Holland has failed to overcome the strong presumption that counsel's decision not to pursue a suppression motion constituted reasonable professional judgment under the circumstances. See Strickland, 466 U.S. at 689.

### CONCLUSION

Based on the reasons explained above, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 64) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of May, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

4